**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARQUEZ BRIGGS,

　　　　　　　Petitioner - Appellant,

v.

ANTHONY HEDGPETH, Warden,

　　　　　　　Respondent - Appellee.

No. 13-15286

D.C. No. 4:11-cv-03237-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

　　Marquez Briggs contends that the trial court violated his Sixth and

Fourteenth Amendment right to confront the victim, John Doe, when it precluded

him from cross-examining Doe about an interview where police mentioned the

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

availability of immigration benefits for crime victims. "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (internal quotation marks omitted). It is clearly established law that "[c]onfrontation means more than being allowed to confront the witness physically . . . a primary interest secured by [the right to confront adverse witnesses] is the right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (internal quotation marks omitted). We need not determine whether the state court unreasonably applied *Van Arsdall*. Even under de novo review, and even if we assume that Briggs's constitutional rights were violated, any error was harmless because it did not have a substantial and injurious effect. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Briggs was able to extensively cross-examine Doe on the reliability of his testimony and substantial physical evidence corroborated Doe's version of events. *See Van Arsdall*, 475 U.S. at 684 (setting forth harmless error factors for a violation of right to cross-examine).

Briggs has raised other issues in his opening brief, which we construe as a motion to expand the certificate of appealability. 9th Cir. R. 22-1(e). We deny the motion. We will issue a certificate of appealability in a 28 U.S.C. § 2254

proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant is entitled to a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Wilson v. Belleque*, 554 F.3d 816, 826 (9th Cir. 2009) (internal quotation marks omitted). Reasonable jurists would not find it debatable that (1) Briggs failed to show a violation of a constitutional right on his *Brady v. Maryland*, 373 U.S. 83 (1963) claim, because Briggs has not shown that any favorable evidence was suppressed; and (2) the trial court did not violate Briggs's right to cross-examine the state's DNA expert, because Briggs had a full and fair opportunity to challenge the basis of the expert's findings and any error was harmless. We also conclude that the district court did not abuse its discretion in denying Briggs an evidentiary hearing and discovery on his *Brady* claim, because his claims are purely speculative. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *Woods v. Sinclair*, __ F.3d __, 2014 WL 4179917, *11-13 & n.10 (9th Cir. Aug. 25, 2014) (No. 09-99003).

**AFFIRMED**.